# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| COMMERCE & INDUSTRY INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 4:21-CV-11 |
| CONTRAVEST MANAGEMENT COMPANY, CENTER CONTRACTING COMPANY OF CENTRAL FLORIDA, LLC, TERESSA BLONDELL, and ALVIN BLONDELL, | : | |
| | : | |
| | : | |
| Defendants. | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Commerce & Industry Insurance Company ("Commerce & Industry"), by and through counsel and pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, and alleges and states the following:

PRELIMINARY STATEMENT

1. Pursuant to 28 U.S.C. § 2201, Commerce & Industry seeks a declaratory judgment and adjudication of an actual controversy concerning rights, obligations, and liabilities under certain policies of insurance issued by Commerce

1

& Industry to the Center Contracting of Central Florida, LLC d/b/a Contravest Builders (hereinafter "Center Contracting").

2. Specifically, Contravest Management Company, ("Contravest Management"), a separate legal entity from Center Contracting of Central Florida, LLC, that is not listed as a named insured on the Commerce & Industry policy issued to Center Contracting, alleges entitlement to defense and indemnity in connection with a civil action brought against it by Teressa Blondell and Alvin Blondell for personal injuries resulting from a premises liability claim occurring at an apartment complex located in Pooler, Georgia ("Blondell Litigation").

3. Commerce & Industry seeks a judgment declaring that it has no obligation under its insurance policy issued to Center Contracting to defend or indemnify Contravest Management in connection with the Blondell Litigation Lawsuit, because the Contravest Management is not an insured entitled to coverage under the Commerce & Industry policy.

## PARTIES

4. At all times relevant to this action, Commerce & Industry was, and still is, a corporation organized and existing under the laws of the State of New York with its principal place of business in New York, New York.

5. Defendant Contravest Management is a foreign corporation organized under the laws of the State of Florida with its principal place of business located in Altamonte Springs, Florida.

6. Defendant Center Contracting Company of Central Florida, LLC is a foreign corporation organized under the laws of the State of Florida with its principal place of business located in Altamonte Springs, Florida. The members of Center Contracting are John Schaffer, Mark Ogier, and Steven Ogier, each of whom are citizens of the State of Florida.

7. Defendant Teressa Blondell is a citizen and resident of the State of Georgia.

8. Defendant Alvin Blondell is a citizen and resident of the State of Georgia.

JURISDICTION AND VENUE

9. This Court has jurisdiction over the claims contained herein pursuant to 28 U.S.C. § 1332(a)(1) and (c), in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.

10. The Court further has jurisdiction pursuant to 28 U.S.C. § 2201 in that Commerce & Industry is seeking a declaration from this Court regarding the parties' rights and obligations with respect to Commerce & Industry policy, BE 021163557 issued to Center Contracting.

11. Venue is proper in the United States District Court for the Southern District of Georgia, Savannah Division, pursuant to 28 U.S.C. § 1391(b)(1) and LR 2.1(a) and (c) because two of the defendants are residents in this division and a substantial part of the events complained of occurred in this district.

FACTUAL ALLEGATIONS
*-The Insurance Policies-*
(General Provisions)

12. Commerce & Industry incorporates by reference the preceding paragraphs as if fully set forth herein.

13. Commerce & Industry issued a Commercial Excess Liability policy, BE 021163557, to Center Contracting Company of Central Florida, LLC d/b/a Contravest Builders, for the policy period 21 July 2012 through 21 July 2013 ("the CI Policy"). (A certified copy of the Policy is attached hereto as **Exhibit A** and incorporated herein by reference).

14. The CI Policy contained a liability limit of $11,000,000 per each occurrence in excess of scheduled underlying insurance.

15. The CI Policy defines the word "**Insured**" as including: (1) the Named Insured, (2) If you are designated in the declarations as a limited liability company, you are an insured, your members are also insureds, but only with respect to the conduct of your business, your managers are insureds, but only with respect to their duties as your managers, and (7) any person or organization, other

than the **Named Insured**, included as an additional insured under the **Scheduled Underlying Insurance**, but not for broader coverage than would be afforded by such **Scheduled Underlying Insurance.**"

16. The CI Policy provides that "[W]e will have the right and duty to defend any **Suit** against the **Insured** that seeks damage for **Bodily Injury, Property Damage** or **Personal Injury and Advertising Injury** covered by this policy, even if the **Suit** is groundless, false or fraudulent when the total limits of **Scheduled Underlying Insurance** have been exhausted by payment of Loss to which this policy applies and the total applicable limits of **Other Insurance** have been exhausted.

17. The CI Policy provides that "[W]e will have no duty to defend the **Insured** against any **Suit** seeking damages for **Bodily Injury, Property Damage** or **Personal Injury and Advertising Injury** to which this insurance does not apply.

18. Admiral Insurance Company issued a commercial general liability to Center Contracting, policy number CA000015952-02 for the policy period 21 July 2012 through 21 July 2013 ("the Admiral policy"). The Admiral policy was one of the scheduled underlying insurance policies for which the CI Policy was excess. A copy of the Admiral policy is attached hereto as **Exhibit B** and incorporated herein by reference**.**

19. The Admiral policy describes the business of its named insured, Center Contracting, as "General Contractor-Apartment Construction."

20. The Admiral policy contains endorsement, AD 66 65 09 09, Specified Operations Endorsement, that provides that "[T]his insurance applies only to 'bodily injury', 'property damage', 'personal and advertising injury' and medical expenses caused by the operations shown in the Schedule", and the Specified Operations were defined as "General Contractor-new construction of apartment buildings."

21. The Admiral policy contains endorsement AD 07 85 01 95, Named Insured Endorsement, that provides "[I]t is agreed the Named Insured as shown on the Common Policy Declarations is as follows: **CENTER CONTRACTING COMPANY OF CENTRAL FLORIDA, LLC DBA CONTRAVEST BUILDERS CONTRAVEST DEVELOPMENT PARTNERS, LLC**."

22. Contravest Management is not listed as a named insured on the Admiral policy.

23. Contravest Management does not meet the definition of an insured under the express terms and conditions of the Admiral policy.

24. Contravest Management is not listed as named insured on the Commerce & Industry policy.

25. Contravest Management does not meet the definition of an insured under the express terms and conditions of the CI Policy.

## FACTUAL ALLEGATIONS
### *-The Blondell Lawsuit-*

26. Commerce & Industry incorporates by reference the preceding paragraphs as if fully set forth herein.

27. On or about 9 June 2013 Teressa Blondell allegedly fell from an outdoor swing located at the Courtney Station Apartments located at 285 Park Avenue, Pooler, Chatham County, Georgia (hereinafter "the Incident").

28. Mrs. Teressa Blondell and her husband, Alvin Blondell, subsequently filed a lawsuit for personal injuries and loss of consortium as a result of the Incident that is captioned, *Teressa Blondell and Alvin Blondell v. Courtney Station 300, LLC, Ram Partners, LLC Contravest Management Company, and Richey Industries*" (Chatham County, Georgia)(CAFN: STCV1400953)(hereinafter "the Blondell Lawsuit")

29. The Blondells assert in their fifth amended complaint claims of negligence, creation and maintenance of a nuisance, and loss of consortium against Contravest Management.

30. Upon information and belief, Contravest Management provides property management services to clients who own or operate multi-family housing developments such as apartment complexes and condominiums.

31. Upon information and belief, Contravest Management provided property management services to the property known as Courtney Station Apartments.

32. Upon information and belief, Admiral is providing a defense to Contravest Management in the Blondell Litigation.

33. Upon information and belief, Admiral did not issue Contravest Management a reservation of rights letter advising Contravest Management of any coverage concerns or questions that Admiral might have regarding whether Contravest Management would be entitled to insurance coverage under the Admiral policy.

34. On or about February 7, 2018, Admiral filed a Petition for Declaratory Judgment in the United States District Court for the Southern District of Georgia captioned, "*Admiral Insured Company v. Center Contracting Company of Central Florida, LLC. Contravest Management Company, Teressa Blondell, Alvin Blondell, Ram Partners, LLC and Richey Industries, Inc.*," Case No. 4:18-cv-00029 ("the Admiral Lawsuit")

35. In the Admiral Lawsuit, Admiral alleged: "[B]ecause Contravest [Management] does not meet the definition of an insured contained in the [Admiral] Policy, Admiral is not required to provide it was coverage, indemnity, or a defense with respect to the Incident." A copy of the Amended Complaint filed in the Admiral Lawsuit is attached hereto as **Exhibit C** and incorporated herein by reference.

36. Upon information and belief, the Admiral Lawsuit was dismissed without prejudice on or about 15 August 2019, and Admiral has been providing Contravest Management with a defense in the Blondell Litigation.

## FOR A FIRST CAUSE OF ACTION
*(Declaratory Judgment – Contravest Management Company is not an Insured Entitled to Coverage Under the Commerce & Industry Policy)*

37. Commerce & Industry incorporates by reference the preceding paragraphs as if fully set forth herein.

38. Contravest Management is not a named insured under the CI Policy.

39. Contravest Management does not otherwise meet the definition of an Insured under the CI Policy, a necessary pre-requisite for coverage under the CI policy.

40. Upon information and belief, Admiral has unilaterally extended insurance coverage to Contravest Management for the Blondell Litigation through its own acts or omissions.

41. Commerce & Industry did not consent or agree to provide excess insurance coverage under the CI Policy to Contravest Management in connection with the Blondell Litigation.

42. Admiral's unilateral and voluntary decision to provide a defense to a party that is not otherwise an insured under its commercial general liability policy does not create coverage under the CI Policy for a party that does not otherwise meet the definition of an insured under the terms and conditions of the CI policy.

43. Upon information and belief, Admiral has not exhausted any liability insurance coverage available under the Admiral policy to any party as a result of the Blondell Litigation.

44. Any insurance coverage under CI Policy issued to Center Contracting has not been triggered in connection with the Blondell Litigation because the schedule of underlying insurance that includes the Admiral policy has not been exhausted.

45. The CI Policy does not afford coverage to Contravest Management under its excess policy issued to Center Contracting because Contravest Management does not meet the definition of an insured under the CI Policy.

46. Commerce & Industry has not waived any coverage defenses including denying coverage to Contravest Management because it is not an insured

under the CI Policy, because the coverage under the policy has not yet been triggered with regards to the Blondell Litigation.

WHEREFORE, the Plaintiff, Commerce & Industry Insurance Company, having fully complained against the Defendants, Center Contracting Company of Central Florida, LLC, Contravest Management Company, Teressa Blondell and Alvin Blondell, respectfully requests this Court to:

1. Declare that Commerce & Industry Insurance Company has no duty to defend and/or indemnify Contravest Management Company for the Blondell Litigation under the CI Policy issued to Center Contracting Company of Central Florida, LLC by reason of Admiral Insurance Company's unilateral decision to provide a defense to a party that does not meet the definition of an insured under the Admiral policy or the CI Policy;
2. Declare that any liability imposed on Contravest Management Company for which it seeks indemnity is not covered under the CI Policy, and therefore, Commerce & Industry has no duty to defend and/or indemnify Contravest Management Company;
3. Award the costs and expenses of this action;
4. Grant a jury trial as to all issues so triable; and

5. Grant such other relief as this Court deems just and proper under the circumstances.

DATED this 15th day of January 2021.

                Respectfully submitted,

                /s/ John I. Malone, Jr
                JOHN I. MALONE, JR.
                GA Bar. No. 812837
                GOLDBERG SEGALLA LLP
                701 Green Valley Road, Suite 310
                Greensboro, NC 27408
                Telephone: (336) 419-4900
                Facsimile: (336) 419-4950
                Email: jmalone@goldbergsegalla.com
                *Attorney for Plaintiff*
                *Commerce & Industry Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of January, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing (NEF).

I hereby further certify that a true and correct copy of the foregoing will be served upon the following as soon as it is available from the Court, via electronic mail and/or First Class mail, postage prepaid addressed as follows:

Contravest Management Company
c/o Corporation Service Company, Reg. Agent
1201 Hays Street
Tallahassee, FL  32301

Center Contracting Company of Central Florida, LLC
c/o Corporation Service Company, Reg. Agent
40 Technology Parkway Southeast, Suite 300
Norcorss, GA  30092

Teressa Blondell
260 Park Avenue, Apt. 1008
Pooler, GA  31322

Alvin Blondell
260 Park Avenue, Apt. 1008
Pooler, GA  31322

Respectfully submitted this 15th day of January, 2021.

        GOLDBERG SEGALLA LLP

        /s/ John I. Malone, Jr.
        JOHN I. MALONE, JR.
        GA Bar. No. 812837
        701 Green Valley Road, Suite 310
        Greensboro, NC 27408
        Telephone: (336) 419-4900
        Facsimile: (336) 419-4950
        Email: jmalone@goldbergsegalla.com
        *Attorney for Plaintiff*
        *Commerce & Industry Insurance Company*